Judge Owsley
delivered the Opinion of the Court.
Boll brought an action of debt in the Shelby 'circuit court, against Blackwell. The capias, which required bail, was executed upon BSackw'eU, and by an endorsement thereon, in tiie form required by the act of assembly upon that subject, Bullitt became special bail.
Judgment was recovered by Bell, but the amount thereof was not made by a writ offierifacias, v^hicla issued against the estate of Blackwell; nor was Blackwell taken under a capias ad satisfaciendum, which issued against him upon the judgment, nor was he surrendered in custody by his bail or otherwise.
To subject the bail to the payment of his judgment, Bell sued out a scire facias against Bullitt, upon his recognizance of special bail.
Bullitt appeared to the scire facias, and pleaded two pleas.
1st. ,JVul tiel record;, and secondly, that the plaintiff Bel!, for upwards of two years after the judg *201 merit was rendered against Blackwell, failed to sue out a writ of capias ad satisfaciendum against him, during ail which time, Blackwell resided in the county of Slielby, liable to arrest, and that finally Bel! permitted the said Blackwell to remove from the limits of the State without causing him to be arrested, &c.
Demurrer «to one of” the pleas.
Judgment e£ the court agninst the Sufficiency of the scire/lirias.
If where two pleas aie pleaded, one good and the other ill,there is a demurrer tu one, but which of them is on certain the court give judgment that the plaintiff’s sci-re facias is insufficient, the question in this court on error will be on the sci-re facias.
To one of these pleas Bell demurred, and made no answer* to the other; but to which plea the demurrer was intended to apply, the record contains no certain information.
The demurrer was joined by Bullitt, and after a suggestion of the filing of the demurrer ami joinder, the record recites, “ whereupon argument was heard, and the court being sufficiently advised, &c. it is considered that the recognizance of special bail, as appears in the scire facias and record herein filed, is insufficient to charge the defendant &c„ and, therefore, the plaintiff cannot sustain his action against the defendant. It is therefore considered by the court, that the defendant recover against the plaintiff his cost by him about his defence in this behalf expended,” &c.
To reverse that judgment, this writ of error is prosecuted by Bell.
The only difficulty that we have had to encounter, in our reflections upon the present contest, grows out of the defective state of the record. Whether we look to the judgment of the court, or advert to the pleadings, it is equally impracticable to ascertain to which of the pleas the demurrer was intended to apply. Neither the judgment nor demurrer contains even the slightest allusion to either plea in exclusion of the other, nor is the uncertainty as to the plea in any degree removed by the entry which was made by the clerk upon the record when the pleadings were filed.
But apply the demurrer to either plea, it is plain that the judgment rendered by the court.cannot be maintained. Considered with reference to the first plea, it would no doubt have been correct to overrule the demurrer; for that plea goes to deny the existence of any such record as that referred to in the scire facias, and if in fact there be no such re *202 cord, the scire facias unquestionably cannot be sustained, and of course the demurrer should be overruled.
Scire facias held sufficient.
On a demurrer to a pica to a scire faceas on a recognizance of bail, neither the recognizance,nor any other part of lire record of the original case, is before the court.
Pica to a scire facias on a recognizance of bail, that plaintiff fail-e*1 for two 1° s“e is nought,
*202 Bui the judgment of the court, instead of simply overruling the demurrer, implies a decision against the sufficiency of the recognizance of special bail, mentioned in the scire facias to charge Bullitt, and that owing to the insufficiency of the recognizance, and not from any defect in the first plea, the scire facias ,was adjudged not maintainable. In that opinion, however, we cannot concur. The scire facias is in the usual form, and contains nothing which, according to the most strained and rigid construction, can warrant (lie Conclusion unfavorable to the. sufficiency of the recognizance; and wore we at. liberty to look into the record of the original action, brought by Bell against Blackwell, for the purpose of examining ihe recognizance, as the court below seems to have done, we should have no hesitation in pronouncing it to contain every essential requisite to a valid recognizance.
But in deciding upon the demurrer, it was neither correct or proper for the court to search out and decide upon the recognizance contained in the original record. It was doubtless incumbent upon the court to explore the whole of the record in this caso, and if the record of the original action formed apart of this, it would have been strictly correct to decide upon the sufficiency of the recognizance therein contained; but it did not. To form a part of this record, the original record should have beeu made so by bill of exceptions or otherwise, and as that appears not to hare been done, the court ought riot to have noticed, or in their decision to have been at all iufiuenced by any thing in that record.
In deciding upon the demurrer, therefore, though it were admitted to apply to the first pica, the court unquestionably d in adjudging the recogninanco insufficient to maintain the scire facias.
And were the demurrer admitted to" apply exclusively to the second ¡¡Sea, the ciror of the court would be still more palpable. t\\ery objection which lies to the judgment when considered in *203 reference to the first plea, would not only apply with equal force when applied to the second pica, but moreover, the second plea itself is intrinsically bad. By that plea, Bell is alleged to have failed to sue out a capias ad satisfaciendum against Blackwell, for whom Bullitt was special bail, for two years alter be had recovered judgment; and it is presumed that by pleading a matter, of that sort, Bullitt supposed that after the lapse of two years from the date of the judgment, if in that time no capias ad satisfaciendum issued, there could be no recovery by scire facias against the bail. But according to no principle can such a supposition be indulged. A capias ad satisfaciendum must issue to charge the bail, but there is no law limiting the time in which it must issue to have that effect.
Am. sa. must the bail.”
It being uaplaintiff dqmarred, ¡he. o^anjhis count being-, sufficient,-ana tbe judgment oourt gainst it — the judgmemt. is rc-
If, therefore, the demurrer in terms had been made to peíate exclusively to the second plea, as that plea contains no sufficient defence to the scire facias, the judgment; of the court would have, been incorrect, not only so far as it goes to pronounce the recognizance of special bail invalid, but also in not sustaining the demurrer.
Considered, then, in relation cither to the first or second plea, it was evidently incorrect to adjudge the recognizance- insufficient to maintain the scire facias.
But we have said the first plea contains a good defence to the action, and though it may have-been incorrect to decide against the validity of the recognizancc, it would certainly have been proper 1,o sustain the plea, and as the legal effect of adjudging the plea good -would go to. defeat the scire facias, the question arises, whether or not the judgment which was rendered by the couVt, should be rcversed at the instance or Bell, who is plamtui in the- scire facias? According to former adjudications of this court, the judgment under such circumstances would not regularly lie reversed, if the rbcord contained any thing going to shew that the demurrer was intended to apply to the first plea only, and was so treated by the court below. But there is nothing in the record from which such an inference can be drawn;' on tho contrary, as we *204 have already said, it is utterly impossible to collect from the record which plea the demurrer was intended to apply to. It being, therefore, uncertain as to which plea the defendant intended to demur, the judgment, which was predicated upon the erroneous notion as to the invalidity of the recognizance of special hail, cannot be sustained by drawing in aid the goodness of flic first plea, as to which no question may have been made in the court below'.
Mandate.
Crittenden for plaintiff.
The judgment must consequently be reversed With cost,, the cause remanded to the court below, and further proceedings there had, not inconsistajd with this opinion.